# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-31028
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RICARDO RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-108-12

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Ricardo Ramirez appeals the 360-month sentence imposed by the district court following his guilty plea to a charge of conspiracy to distribute and possess with the intent to distribute five or more kilograms of cocaine and 50 or more kilograms of cocaine base.  He argues that the district court imposed a "substantively unreasonable 360-month sentence, 71 percent above the guidelines advisory range upper limit and three times the mandatory minimum." Because Ramirez did not object in the district court to the reasonableness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence and the alleged inadequacy of the district court's reasons for the sentence, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier,* 505 F.3d 389, 392-93 (5th Cir. 2007). To prevail, Ramirez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If he makes the above showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Ramirez first argues that the district court failed to properly articulate the reasons for his sentence. When imposing an above-guidelines sentence, the district court must articulate reasons for the sentence as they relate to that particular defendant. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The court's reasons in support of the chosen sentence "should be fact-specific and consistent with the sentencing factors enumerated in [18 U.S.C.] section § 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The farther a sentence varies from the guidelines range, the more compelling the justification based on the § 3553(a) factors must be. *Id.* The court need not, however, "engage in robotic incantations that each statutory factor has been considered." *Id.* (internal quotation marks and citation omitted).

In Ramirez's case, the § 3553(a) factors cited by the district court in its statement of reasons included the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, and the need to provide just punishment. In addition to citing these factors, the district court orally provided fact specific reasons for the variance. Accordingly, we find no procedural error, plain or otherwise. *See Mondragon-Santiago*, 564 F.3d at 361.

As to the substantive reasonableness of the sentence, an appellate court may not require "extraordinary circumstances" to justify a sentence outside the Guidelines range. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th

No. 10-31028

Cir. 2008).  Nevertheless, a non-guidelines sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.  *See Peltier*, 505 F.3d at 392.

Ramirez has not shown that the district court considered an irrelevant or improper factor in determining his sentence.  A sentencing court may consider conduct that "the Guidelines offense level did not take into account" when selecting a non-guidelines sentence.  *See, e.g., United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011).  Contrary to Ramirez's contention otherwise, the additional conduct cited by the district court was not already taken into account in determining his guidelines range.  Even if consideration of conduct for which he has not been convicted was error,   Ramirez has not demonstrated a reasonable probability that he would have received a lesser sentence but for the district court's consideration of the other conduct.  *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1534 (2011).  Ramirez's contention that the additional conduct was not supported by a preponderance of the evidence also is without merit because the district court specifically found that Ramirez's additional conduct was supported by "reliable information" contained in the PSR.  Accordingly, we AFFIRM the judgment of the district court.